## Commonwealth *v.* Houghton, Appellant (No. 1).

*Appeals—Criminal law—New trial—Discretion.*

Where on an appeal from a judgment of guilty in a criminal prosecution, no errors are assigned to any rulings on evidence or instructions, and the only assignment is that the court erred in refusing a new trial, the judgment will not be reversed in the absence of manifest abuse of discretion by the trial court in refusing a new trial.

Argued May 22, 1906.   Appeal, No. 108, April T., 1906, by defendant, from judgment of Q. S. Crawford Co., Sept. T., 1904, No. 23, on verdict of guilty in case of Commonwealth v. Samuel Houghton.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Indictment for receiving stolen goods.   Before THOMAS, P. J. The opinion of the Superior Court states the case.

*Error assigned* was refusal of new trial.

*Wesley B. Best*, for appellant.

*C. Victor Johnson*, district attorney, for appellee.

OPINION BY HEAD, J., October 5, 1906:

A careful examination of the entire record in this case fails to disclose any ground upon which this court would be justified in reversing the judgment of the court below and sending the case back for another trial.   Not a single exception was taken to any ruling of the learned trial court, admitting or re-

jecting evidence, nor to the charge of the court to the jury. There is nothing, therefore, to bring either the testimony or the charge on the record, and they are not properly before us. No points, craving special instructions upon any feature of the case, were presented, and, of course, there can be no complaint that no such instructions were given. We have, therefore, nothing but the ordinary application for a new trial, supported by an argument seeking to prove that, under all the circumstances, the jury reached a wrong conclusion in finding the defendant guilty. That the power to grant a new trial on such grounds is properly lodged in the trial court, and is to be exercised or withheld as a sound judicial discretion may determine, is a proposition too elementary to require any discussion here. That we have the power and that it would be our duty to interfere, in case of a clear and manifest abuse of such discretion, may also be conceded. But no such question is before us. As the case was tried, there seemed to be nothing for the learned trial court to do but submit it to the jury. A verdict of guilty having been rendered and the application for a new trial refused, we cannot say, even after carefully reading all of the testimony as it appears in the paper-book, that there has been any abuse of discretion. If, in point of fact, a wrong conclusion was reached by the learned trial judge, or the jury, or both, as the learned counsel for the appellant so earnestly contends, relief can only properly be had by an appeal to the pardoning power.

The judgment is affirmed and the record remitted to the court below, with direction to have the sentence imposed carried into effect.